UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Isaac Phillips,<br>     *Plaintiff*,<br><br>v.<br><br>Houston I.S.D., *et al.,*<br>     *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-13-02935 |

## Order

Pending before the court is a Rule 12(b)(6) motion to dismiss filed by defendants Houston Independent School District ("HISD"); and Anna Eastman, Terry Grier, Ronald Mumphrey, and Marla McNeal-Sheppard (the "officer defendants," and with HISD, the "moving defendants"). Dkt. 2. Plaintiff Isaac Phillips ("Phillips") has not responded to the motion, and it will therefore be treated as unopposed. S.D. Tex. L.R. 7.4. Having considered the motion and applicable law, the motion to dismiss is **GRANTED**. Phillips's claims against the moving defendants are **DISMISSED WITH PREJUDICE**. Phillips's remaining state-law claims against defendant John Doe ("Doe") are **REMANDED** to the 129th District Court of Harris County, Texas.

### I. Background[1]

During the 2008–2009 school year, Phillips was a tenth-grade student at HISD's Jack Yates High School. Dkt. 1, Ex. E (first amended petition) at 3 ¶ 4. On March 6, 2009, while Phillips was in the boys' locker room, Doe, another student, approached Phillips from behind and stabbed him twice in the torso. *Id.* at 3 ¶ 5. Phillips claims that at the time of the incident, Doe was on disciplinary suspension and had been banned from entering the school premises. *Id.* at 3 ¶6.

---

[1] When considering a motion to dismiss for failure to state a claim, the court views the well-pleaded allegations in the live complaint as true and in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

On October 26, 2012, Phillips filed an original petition in state court. Dkt. 1, Ex. A (original petition). Phillips filed an amended petition on August 20, 2013, adding Anna Eastman (President of the HISD Board of Trustees) as a defendant, and removing former superintendent Abelardo Saavedra as a defendant. Dkt. 1, Ex. E. Phillips served the amended petition on HISD on September 6, 2013. Dkt. 1 at 2 ¶ 3. HISD timely removed the case to this court on October 4, 2013. *Id.* at 2 ¶ 5. The moving defendants moved to dismiss Phillips's federal § 1983 claims and negligence claims on grounds that they fail as a matter of law.[2] The motion is ripe for disposition.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). In other words, to overcome a motion to dismiss for failure to state a claim, the complaint must contain sufficient factual allegations, when accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiff demonstrates a "plausible" claim when he provides enough facts to create a reasonable expectation that discovery will produce further evidence

---

[2] The court pauses to note that the moving defendants denominated their motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is properly evaluated as a motion for judgment on the pleadings under Rule 12(c), however, because the moving defendants answered the petition in state court before removal. At any rate, this distinction does not affect the court's legal analysis because the standards for motions under Rule 12(b)(6) and 12(c) are identical. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

tending to establish his claim. *Twombly*, 550 U.S. at 556. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558 (internal quotation marks omitted)).

### III. ANALYSIS

Phillips pled two categories of claims against the defendants: federal § 1983 claims for alleged substantive due process violations, and state-law tort claims.

#### A. *Federal Claims Under 42 U.S.C. § 1983*

State actors are subject to civil liability when, "under color of any statute, ordinance, regulation, custom, or usage, of any State," that official subjects, or causes to be subjected, a person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For a plaintiff to state a § 1983 claim, he "must first show a violation of the Constitution or of federal law . . . ." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005). Here, Phillips contends that in connection with the 2009 stabbing incident, the moving defendants violated his substantive due process rights to liberty and bodily integrity under the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Phillips essentially complains that HISD and its agents deprived him of his liberty interest in "free[dom] from . . . unjustified intrusions on personal security" by failing to provide him with adequate protection against Doe's violent acts. *See Ingraham v. Wright*, 430 U.S. 651, 673, 97 S. Ct. 1401 (1977). But as a general matter, a state actor has no constitutional obligation to protect an individual against

3

private violence. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–97, 109 S. Ct. 998 (1989). One exception to this rule is when the State has a "special relationship" with an individual, in which it retains an affirmative duty of protection over that person. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S. Ct. 285 (1976) (holding that states have a duty to provide adequate medical care to incarcerated prisoners). The Fifth Circuit has construed the class of special relationships narrowly, repeatedly holding that a public school does not have a special relationship with its pupils requiring constitutional protection, for schools do not place the same constraints on students' liberty as do prisons and state mental health institutions. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 856–58 (5th Cir. 2012) (en banc) (collecting cases).

Phillips's § 1983 claims are based on his allegation that school officials failed to protect him from Doe's violence. But assuming these facts to be true, Phillips's § 1983 claims may not proceed because he cannot state a Fourteenth Amendment claim. HISD and its employees have no constitutional duty to protect Phillips from the tortious acts of a third party, including another student. *Covington Cnty.*, 675 F.3d at 856–57. Phillips's federal § 1983 claims are dismissed.

### B. State-Law Claims

Phillips asserts negligence and negligence *per se* claims against HISD and certain officer defendants.[3] First, as to HISD, Texas law is clear that a school district can only be held liable in tort for actions arising out of the use or operation of a motor vehicle. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). As Phillips's claims are wholly unrelated to motor vehicles, his tort claims against HISD are therefore dismissed.

---

[3] Phillips's amended petition does not clearly assert any claims against an officer defendant in his or her individual capacity. However, because any such claim fails under Texas law, the court need not resolve this pleading ambiguity.

Second, to the extent Phillips is suing any of the officer defendants in their individual capacities, these claims also must fail. Phillips pled negligence claims against a governmental entity, HISD, which by operation of law arise under the Texas Tort Claims Act ("TTCA"). *Garcia*, 253 S.W.3d at 659. Under the TTCA's election of remedies provision, when tort claims are filed against a governmental entity *and* any of its employees, the employees are entitled to dismissal on motion of the governmental defendant. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 101.106(e)) ("Under subsection (e), [the school official] would be entitled to dismissal of [plaintiff's] suit against him upon the ISD's filing of a motion."). HISD requested dismissal of any tort claims asserted against the officer defendants, and these claims "shall immediately be dismissed." § 101.106(e).

### IV. CONCLUSION

For the foregoing reasons, the moving defendants' motion to dismiss (Dkt. 2) is **GRANTED**. The court finds that as Phillips has amended his complaint once before, has failed to respond to the motion to dismiss, and leave to amend would be futile, his claims against the moving defendants are **DISMISSED WITH PREJUDICE**. The court further finds that after considering the factors of judicial economy and comity, 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over Phillips's remaining state-law claims for assault and battery against Doe, and these claims are **REMANDED** to the 129th Judicial District Court of Harris County, Texas. All other pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas on November 19, 2013.

_____
Gray H. Miller
United States District Judge